McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Wade M. Hansard
Nevada Bar No. 8104
  *wade.hansard@mccormickbarstow.com*
Michael Merritt
Nevada Bar No. 5720
  *michael.merritt@mccormickbarstow.com*
Renee M. Maxfield
Nevada Bar No. 12814
  *renee.maxfield@mccormickbarstow.com*
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone:      (702) 949-1100
Facsimile:      (702) 949-1101

Attorneys for Best Buy Stores, L.P.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| FARMERS INSURANCE EXCHANGE for itself and as subrogee of its insured DOREEN FILOMENA,<br><br>        Plaintiff,<br><br>        v.<br><br>LG ELECTRONICS USA, INC., a Delaware Corporation; BEST BUY STORES, L.P., a Virginia Limited Partnership; DOES I-X, inclusive; ROE COMPANIES, I-X, inclusive,,<br><br>        Defendants. | Case No. 2:15-cv-01389-JCM-VCF<br><br><br>**DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY COMPLAINT** |
| BEST BUY STORES, L.P.,<br><br>        Third-Party Plaintiff,<br><br>        v.<br><br>PENN-RIDGE TRANSPORTATION, INC., a Michigan Corporation; LG ELECTRONICS USA, INC., a Delaware Corporation, DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>        Third-Party Defendants. | |

## DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT

COMES NOW, Defendant BEST BUY STORES, L.P. (hereinafter, "BEST BUY"), answering Plaintiff's Complaint on file herein, and without waiving the attorney/client and attorney/work product privileges, admits, denies, responds and alleges as follows:

### GENERAL ALLEGATIONS

1. In answering the allegations of Paragraph 1 of Plaintiff's Complaint, BEST BUY has insufficient non-privileged information upon the subject of the allegations therein sufficient to enable it to answer said allegations and, placing its denial upon that ground, denies each and every, all and singular, generally and specifically, the allegations contained therein.

2. In answering the allegations of Paragraph 2 of Plaintiff's Complaint, BEST BUY has insufficient non-privileged information upon the subject of the allegations therein sufficient to enable it to answer said allegations and, placing its denial upon that ground, denies each and every, all and singular, generally and specifically, the allegations contained therein.

3. In answering the allegations of Paragraph 3 of Plaintiff's Complaint, BEST BUY states that it was and is a limited partnership formed under the laws of the State of Virginia, with its principal place of business outside the State of Nevada and is doing business in the County of Clark in the State of Nevada. In answering the remaining allegations, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein.

4. In answering the allegations of Paragraph 4 of Plaintiff's Complaint, BEST BUY has insufficient non-privileged information upon the subject of the allegations therein sufficient to enable it to answer said allegations and, placing its denial upon that ground, denies each and every, all and singular, generally and specifically, the allegations contained therein.

5. In answering the allegations of Paragraph 5 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

6. In answering the allegations of Paragraph 6 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

///

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
8337 W. Sunset Rd. Suite 350
Las Vegas, NV 89113

DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY COMPLAINT

1    7.    In answering the allegations of Paragraph 7 of Plaintiff's Complaint, BEST BUY has

2    insufficient non-privileged information upon the subject of the allegations therein sufficient to enable

3    it to answer said allegations and, placing its denial upon that ground, denies each and every, all and

4    singular, generally and specifically, the allegations contained therein.

5    8.    In answering the allegations of Paragraph 8 of Plaintiff's Complaint, BEST BUY states

6    that an individual named Nino purchased a dryer at BEST BUY manufactured by LG that was

7    delivered to 1708 Pacific Street.  In answer to the remaining allegations, BEST BUY denies each and

8    every, all and singular, generally and specifically, the allegations contained therein.

9    9.    In answering the allegations of Paragraph 9 of Plaintiff's Complaint, BEST BUY

10   denies each and every, all and singular, generally and specifically, the allegations contained therein.

11   10.    In answering the allegations of Paragraph 10 of Plaintiff's Complaint, BEST BUY

12   denies each and every, all and singular, generally and specifically, the allegations contained therein.

13   11.    In answering the allegations of Paragraph 11 of Plaintiff's Complaint, BEST BUY

14   denies each and every, all and singular, generally and specifically, the allegations contained therein.

15   12.    In answering the allegations of Paragraph 12 of Plaintiff's Complaint, BEST BUY

16   denies each and every, all and singular, generally and specifically, the allegations contained therein,

17   and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein

18   set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or

19   other conduct of this answering Defendant.

20   13.    In answering the allegations of Paragraph 13 of Plaintiff's Complaint, BEST BUY

21   denies each and every, all and singular, generally and specifically, the allegations contained therein,

22   and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein

23   set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or

24   other conduct of this answering Defendant.

25   14.    In answering the allegations of Paragraph 14 of Plaintiff's Complaint, BEST BUY

26   denies each and every, all and singular, generally and specifically, the allegations contained therein,

27   and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

3                                    2:15-cv-01389-JCM-VCF
DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY
COMPLAINT

set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or other conduct of this answering Defendant.

15.     In answering the allegations of Paragraph 15 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein, and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or other conduct of this answering Defendant.

16.     In answering the allegations of Paragraph 16 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein, and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or other conduct of this answering Defendant.

17.     In answering the allegations of Paragraph 17 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein, and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein.

18.     In answering the allegations of Paragraph 18 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein.

19.     In answering the allegations of Paragraph 19 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein.

## FIRST CAUSE OF ACTION

### (Breach of Contract against Best Buy)

20.     In answering the allegations of Paragraph 20 of Plaintiff's Complaint, BEST BUY repeats and responds to said allegations as set forth in Paragraphs 1 through 19 above and incorporates such by reference as though fully set forth herein.

21.     In answering the allegations of Paragraph 21 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein.

22.     In answering the allegations of Paragraph 22 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein.

DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY COMPLAINT

23.     In answering the allegations of Paragraph 23 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein, and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or other conduct of this answering Defendant.

24.     In answering the allegations of Paragraph 24 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein, and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or other conduct of this answering Defendant.

25.     In answering the allegations of Paragraph 25 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein, and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or other conduct of this answering Defendant.

## SECOND CAUSE OF ACTION

### (Negligent Hiring against Best Buy)

26.     In answering the allegations of Paragraph 26 of Plaintiff's Complaint, BEST BUY repeats and responds to said allegations as set forth in Paragraphs 1 through 25 above and incorporates such by reference as though fully set forth herein.

27.     In answering the allegations of Paragraph 27 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein.

28.     In answering the allegations of Paragraph 28 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein.

29.     In answering the allegations of Paragraph 29 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein.

30.     In answering the allegations of Paragraph 30 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein.

DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY COMPLAINT

1    31.    In answering the allegations of Paragraph 31 of Plaintiff's Complaint, BEST BUY

2  denies each and every, all and singular, generally and specifically, the allegations contained therein.

3    32.    In answering the allegations of Paragraph 32 of Plaintiff's Complaint, BEST BUY

4  denies each and every, all and singular, generally and specifically, the allegations contained therein,

5  and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein

6  set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or

7  other conduct of this answering Defendant.

8    33.    In answering the allegations of Paragraph 33 of Plaintiff's Complaint, BEST BUY

9  denies each and every, all and singular, generally and specifically, the allegations contained therein,

10  and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein

11  set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or

12  other conduct of this answering Defendant.

13    34.    In answering the allegations of Paragraph 34 of Plaintiff's Complaint, BEST BUY

14  denies each and every, all and singular, generally and specifically, the allegations contained therein,

15  and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein

16  set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or

17  other conduct of this answering Defendant.

18    35.    In answering the allegations of Paragraph 35 of Plaintiff's Complaint, BEST BUY

19  denies each and every, all and singular, generally and specifically, the allegations contained therein,

20  and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein

21  set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or

22  other conduct of this answering Defendant.

23    36.    In answering the allegations of Paragraph 36 of Plaintiff's Complaint, BEST BUY

24  denies each and every, all and singular, generally and specifically, the allegations contained therein,

25  and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein

26  set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or

27  other conduct of this answering Defendant.

28  / / /

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. Sunset Rd, Suite 350
Las Vegas, NV 89113

6

2:15-cv-01389-JCM-VCF

DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY
COMPLAINT

**THIRD CAUSE OF ACTION**

**(Negligence against Best Buy, DOES I-X and ROE COMPANIES I-X)**

37.     In answering the allegations of Paragraph 37 of Plaintiff's Complaint, BEST BUY repeats and responds to said allegations as set forth in Paragraphs 1 through 36 above and incorporates such by reference as though fully set forth herein.

38.     In answering the allegations of Paragraph 38 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein.

39.     In answering the allegations of Paragraph 39 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein.

40.     In answering the allegations of Paragraph 40 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein.

41.     In answering the allegations of Paragraph 41 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein, and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or other conduct of this answering Defendant.

42.     In answering the allegations of Paragraph 42 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein, and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or other conduct of this answering Defendant.

43.     In answering the allegations of Paragraph 43 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein, and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or other conduct of this answering Defendant.

44.     In answering the allegations of Paragraph 44 of Plaintiff's Complaint, BEST BUY denies each and every, all and singular, generally and specifically, the allegations contained therein,

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. Sunset Rd, Suite 350
Las Vegas, NV 89113

7                                        2:15-cv-01389-JCM-VCF

DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY COMPLAINT

1 | and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein

2 | set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or

3 | other conduct of this answering Defendant.

4 |     45.    In answering the allegations of Paragraph 45 of Plaintiff's Complaint, BEST BUY

5 | denies each and every, all and singular, generally and specifically, the allegations contained therein,

6 | and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein

7 | set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or

8 | other conduct of this answering Defendant.

9 | **FOURTH CAUSE OF ACTION**

10 | **(Strict Products Liability against LG)**

11 |     46.    In answering the allegations of Paragraph 46 of Plaintiff's Complaint, BEST BUY

12 | repeats and responds to said allegations as set forth in Paragraphs 1 through 45 above and incorporates

13 | such by reference as though fully set forth herein.

14 |     47.    In answering the allegations of Paragraph 47 of Plaintiff's Complaint, BEST BUY has

15 | insufficient non-privileged information upon the subject of the allegations therein sufficient to enable

16 | it to answer said allegations and, placing its denial upon that ground, denies each and every, all and

17 | singular, generally and specifically, the allegations contained therein.

18 |     48.    In answering the allegations of Paragraph 48 of Plaintiff's Complaint, BEST BUY has

19 | insufficient non-privileged information upon the subject of the allegations therein sufficient to enable

20 | it to answer said allegations and, placing its denial upon that ground, denies each and every, all and

21 | singular, generally and specifically, the allegations contained therein.

22 |     49.    In answering the allegations of Paragraph 49 of Plaintiff's Complaint, BEST BUY has

23 | insufficient non-privileged information upon the subject of the allegations therein sufficient to enable

24 | it to answer said allegations and, placing its denial upon that ground, denies each and every, all and

25 | singular, generally and specifically, the allegations contained therein, and, in that regard, BEST BUY

26 | denies that Plaintiff has been damaged in the sum or manner therein set forth or any other sum or

27 | manner or otherwise or at all by reason of any act, error, omission or other conduct of this answering

28 | Defendant.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

8

2:15-cv-01389-JCM-VCF

DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY
COMPLAINT

50.     In answering the allegations of Paragraph 50 of Plaintiff's Complaint, BEST BUY has insufficient non-privileged information upon the subject of the allegations therein sufficient to enable it to answer said allegations and, placing its denial upon that ground,   denies each and every, all and singular, generally and specifically, the allegations contained therein, and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or other conduct of this answering Defendant.

51.     In answering the allegations of Paragraph 51 of Plaintiff's Complaint, BEST BUY has insufficient non-privileged information upon the subject of the allegations therein sufficient to enable it to answer said allegations and, placing its denial upon that ground, denies each and every, all and singular, generally and specifically, the allegations contained therein, and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or other conduct of this answering Defendant.

## FIFTH CAUSE OF ACTION

### (Negligent Products Liability against LG)

52.     In answering the allegations of Paragraph 52 of Plaintiff's Complaint, BEST BUY repeats and responds to said allegations as set forth in Paragraphs 1 through 51 above and incorporates such by reference as though fully set forth herein.

53.     In answering the allegations of Paragraph 53 of Plaintiff's Complaint, BEST BUY has insufficient non-privileged information upon the subject of the allegations therein sufficient to enable it to answer said allegations and, placing its denial upon that ground, denies each and every, all and singular, generally and specifically, the allegations contained therein.

54.     In answering the allegations of Paragraph 54 of Plaintiff's Complaint, BEST BUY has insufficient non-privileged information upon the subject of the allegations therein sufficient to enable it to answer said allegations and, placing its denial upon that ground, denies each and every, all and singular, generally and specifically, the allegations contained therein.

///

DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY COMPLAINT

55.     In answering the allegations of Paragraph 55 of Plaintiff's Complaint, BEST BUY has insufficient non-privileged information upon the subject of the allegations therein sufficient to enable it to answer said allegations and, placing its denial upon that ground,  denies each and every, all and singular, generally and specifically, the allegations contained therein, and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or other conduct of this answering Defendant.

56.     In answering the allegations of Paragraph 56 of Plaintiff's Complaint, BEST BUY has insufficient non-privileged information upon the subject of the allegations therein sufficient to enable it to answer said allegations and, placing its denial upon that ground,  denies each and every, all and singular, generally and specifically, the allegations contained therein, and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or other conduct of this answering Defendant.

57.     In answering the allegations of Paragraph 57 of Plaintiff's Complaint, BEST BUY has insufficient non-privileged information upon the subject of the allegations therein sufficient to enable it to answer said allegations and, placing its denial upon that ground, denies each and every, all and singular, generally and specifically, the allegations contained therein, and, in that regard, BEST BUY denies that Plaintiff has been damaged in the sum or manner therein set forth or any other sum or manner or otherwise or at all by reason of any act, error, omission or other conduct of this answering Defendant.

## **AFFIRMATIVE DEFENSES**

AS AND FOR A SEPARATE, DISTINCT AND FIRST AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

Plaintiff's Complaint and each and every claim alleged therein fails to state facts sufficient to constitute a claim upon which relief can be granted.

AS AND FOR A SEPARATE, DISTINCT AND SECOND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

1    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

2    AS AND FOR A SEPARATE, DISTINCT AND THIRD AFFIRMATIVE DEFENSE TO

3    PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

4    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel and waiver.

5    AS AND FOR A SEPARATE, DISTINCT AND FOURTH AFFIRMATIVE DEFENSE TO

6    PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

7    That Plaintiff or its insured or their agents have failed and refused to take reasonable steps to

8    remedy, cure or mitigate their damages as alleged in the Complaint, and are therefore now barred from

9    any recovery in the present action as a result of and to the extent of such failure and refusal.

10    AS AND FOR A SEPARATE, DISTINCT AND FIFTH AFFIRMATIVE DEFENSE TO

11    PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

12    That Plaintiff or its insured or their agents did not act reasonably or with due care and that the

13    injuries or damages, if any, sustained by Plaintiff or its insured or their agents, were directly and

14    proximately caused by Plaintiff's or its insured's or their agents' own unreasonable, willful,

15    intentional, improper, or otherwise negligent conduct or defective products and the resulting accident

16    and damages, if any, were proximately caused and contributed to by Plaintiff's or its insured's or their

17    agents' own negligence and/ or defective products and such negligence or defect was greater than the

18    negligence, if any, of this answering Defendant.

19    AS AND FOR A SEPARATE, DISTINCT AND SIXTH AFFIRMATIVE DEFENSE TO

20    PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

21    Plaintiff's claims against this answering Defendant are barred under the Doctrine of Unclean

22    Hands.

23    AS AND FOR A SEPARATE, DISTINCT AND SEVENTH AFFIRMATIVE DEFENSE TO

24    PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

25    The Complaint, and each cause of action thereof, is barred on the grounds that this answering

26    Defendant's products or conduct referred to in the Complaint were not a substantial factor in bringing

27    about the injuries and damages complained of by Plaintiff.

28    / / /

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

11                                                    2:15-cv-01389-JCM-VCF
DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY
COMPLAINT

1   AS AND FOR A SEPARATE, DISTINCT AND EIGHTH AFFIRMATIVE DEFENSE TO

2   PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

3   At the time and place, and under the circumstances alleged, the injuries to Plaintiff, if any,

4   were caused solely by the acts or omissions of some other parties over whom this answering

5   Defendant had no control, and for whose acts said Defendant is not responsible nor liable to Plaintiff.

6   AS AND FOR A SEPARATE, DISTINCT AND NINTH AFFIRMATIVE DEFENSE TO

7   PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

8   Plaintiff has failed to set out its claims with sufficient particularity to permit this answering

9   Defendant to raise all appropriate defenses; therefore, Defendant reserves its rights to amend, or

10  supplement, or both, this answer with additional affirmative defenses.

11  AS AND FOR A SEPARATE, DISTINCT AND TENTH AFFIRMATIVE DEFENSE TO

12  PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

13  In the event this answering Defendant is found to be liable in any way for the injuries claimed

14  by Plaintiff, this answering Defendant is only severally liable as Plaintiff or its insured or their agents

15  were in whole or in part responsible for their own injuries and Plaintiff's or its insured's or their

16  agents' alleged injuries were caused in whole or part by the actions of third parties outside of this

17  answering Defendant's control.

18  AS AND FOR A SEPARATE, DISTINCT AND ELEVENTH AFFIRMATIVE DEFENSE

19  TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

20  All possible affirmative defenses may not have been alleged herein in so far as sufficient facts

21  were not available after reasonable inquiry upon the filing of Defendant's Answer and, therefore, the

22  answering Defendant reserves the right to amend its Answer to allege additional affirmative defenses

23  if subsequent investigation so warrants.

24  AS AND FOR A SEPARATE, DISTINCT AND TWELFTH AFFIRMATIVE DEFENSE TO

25  PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

26  That the incident for which Plaintiff herein seeks recovery of damages was solely and

27  proximately caused by the misuse of said product. Said misuse was a use in a manner in which the

28  product was not intended to be used and was without this answering Defendant's knowledge, approval

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD. SUITE 350
LAS VEGAS, NV 89113

12                                    2:15-cv-01389-JCM-VCF
DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY
COMPLAINT

1 | or consent.  Said misuse was not reasonably foreseeable for this answering Defendant either at or

2 | before the time of sale, or at any time prior to the time this Defendant received notice of the incident

3 | described in this litigation.

4 | AS AND FOR A SEPARATE, DISTINCT AND THIRTEENTH AFFIRMATIVE DEFENSE

5 | TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

6 | That if the trier of fact determines that a risk is inherent in a chosen design of said product,

7 | then such risk is outweighed by the benefits of the chosen design.

8 | AS AND FOR A SEPARATE, DISTINCT AND FOURTEENTH AFFIRMATIVE DEFENSE

9 | TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

10 | That the amount of damages for which this answering Defendant is liable, if any, is limited to

11 | the extent that Plaintiff's damages, if any, were enhanced by an act, omission or instrumentality of a

12 | party other than this answering Defendant or by a product manufactured, installed, or altered by a

13 | party other than this answering Defendant.

14 | AS AND FOR A SEPARATE, DISTINCT AND FIFTEENTH AFFIRMATIVE DEFENSE

15 | TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

16 | That the Plaintiff or its insured or their agents in some way, modified, altered, installed, or

17 | subjected said product to treatment which substantially changed its character and said modification,

18 | alteration or change in character was the sole proximate cause of the damages, if any there were.

19 | AS AND FOR A SEPARATE, DISTINCT AND SIXTEENTH AFFIRMATIVE DEFENSE

20 | TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

21 | That other persons, firms, corporations, or entities in some way modified, altered, installed, or

22 | subjected said product to treatment which substantially changed its character and said modifications,

23 | alterations, or change in character was the sole proximate cause of Plaintiff's injuries and/or damages,

24 | if any there were.

25 | AS AND FOR A SEPARATE, DISTINCT AND SEVENTEENTH AFFIRMATIVE

26 | PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

27 | That the product performed as safely as an ordinary consumer of the product would expect

28 | when using said product in a reasonably foreseeable manner.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. Sunset Rd, Suite 350
Las Vegas, NV 89113

13

2:15-cv-01389-JCM-VCF
DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY
COMPLAINT

1    AS AND FOR A SEPARATE, DISTINCT AND EIGHTEENTH AFFIRMATIVE DEFENSE

2  TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

3    That Plaintiff and/or other third parties have lost, destroyed or spoiled material evidence

4  thereby preventing this answering Defendant from properly defending itself in this action.

5    AS AND FOR A SEPARATE, DISTINCT AND NINETEENTH AFFIRMATIVE DEFENSE

6  TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

7    That the alleged incident and damages, if any, were proximately caused by Plaintiff's or others'

8  own voluntary assumption of the risk of a known danger, if any, that may have existed at the time of

9  the subject incident.

10    AS AND FOR A SEPARATE, DISTINCT AND TWENTIETH AFFIRMATIVE DEFENSE

11  TO PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

12    That said product was accompanied by adequate instructions and/or warnings, such that any

13  and all injuries, losses and damages alleged, occurred as a result of Plaintiff's or other persons', firms',

14  corporations', or entities' failure to follow the instructions for said product's use, or installation, and

15  therefore, used or installed the product in an unforeseeable manner, thereby barring Plaintiff from

16  recovery herein.

17    AS AND FOR A SEPARATE, DISTINCT AND TWENTY-FIRST AFFIRMATIVE

18  PLAINTIFF'S COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

19    That there existed no foreseeable risk to Plaintiff or others, thereby barring any recovery from

20  Defendant herein.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

14                                              2:15-cv-01389-JCM-VCF
DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY
COMPLAINT

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by way of its Complaint from this answering Defendant;

2.     That the Complaint be dismissed with prejudice;

3.     For attorney's fees and costs of suit herein incurred; and

4.     For such other and further relief as the Court may deem just and proper.

DATED this __16__ day of June, 2016

                      McCORMICK, BARSTOW, SHEPPARD,
                      WAYTE & CARRUTH LLP

                    By _____
                      Wade M. Hansard
                      Nevada Bar No. 8104
                      Michael Merritt
                      Nevada Bar No. 5720
                      Renee M. Maxfield
                      Nevada Bar No. 12814
                      8337 West Sunset Road, Suite 350
                      Las Vegas, Nevada 89113
                      Tel. (702) 949-1100

                      Attorneys for Best Buy Stores, L.P.

## DEFENDANT BEST BUY STORES, L.P.'S THIRD-PARTY COMPLAINT

Defendant BEST BUY STORES, L.P., by and through its counsel of record of the law firm of McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH, LLP, hereby brings this Third-Party Comlaint aganst PENN-RIDGE TRANSPORTATION, INC. and LG ELECTRONICS USA, INC.

## ALLEGATIONS AS TO ALL CAUSES OF ACTION

1.     Defendant/Third-Party Plaintiff BEST BUY STORES, L.P. (hereinafter "BEST BUY") was at all times relevant herein a foreign corporation doing busienss in the State of Nevada.

2.     Upon information and belief, PENN-RIDGE TRANSPORATAION, INC. (hereinafter "PENN RIDGE") was at all times relevant herein a foreign corporation doing busienss in the State of Nevada.

/ / /

3.      Upon information and belief, LG ELECTRONICS USA, INC. (hereinafter "LG ELECTRONICS") was at all times relevant herein a foreign corporation doing business in the State of Nevada.

4.      That the true names and capacities of the Third-Party Defendants DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive, are unknown to Third-Party Plaintiff who, therefore, sue said Third-Party Defendants by said fictitious names. Third-Party Defendants designated as DOES I through X, and ROE CORPORATIONS I through X, and each of them, are agents, employees, assigns, management personnel and/or individuals and/or entities otherwise controlling and/or under the supervision and control of Third-Party Defendants and each of them, who, while within the scope and course of their agency or assignment with said Third-Party Defendants, are, in whole or in part, negligently, vicariously, statutorily, contractually, and/or otherwise liable for the damages herein alleged. Third-Party Plaintiff is informed and believes and thereon alleges that each of the Third-Party Defendants designated as a ROE is in some manner negligently, vicariously, and/or statutorily responsible for the events and happenings referred to, and caused damages as herein alleged. Third-Party Plaintiff will ask leave of the Court to amend their Third-Party Complaint to insert the true names of such Third-Party Defendants when the same has been ascertained.

5.      Upon information and belief, BEST BUY and PENN RIDGE entered into a written agreement wherein PENN RIDGE agreed to indemnify and defend BEST BUY against any claims regarding the delivery and/or installation of products.

6.      Upon information and belief, the LG steam washer and dryer that are the subject of the instant litigation were delivered by PENN RIDGE and/or its agents, on or about October 1, 2012.

7.      Upon information and belief, BEST BUY and LG ELECTRONICS entered into a Vendor Agreement wherein LG ELECTRONICS agreed to indemnify BEST BUY against any and all claims arising from or in connection with acts or omissions of LG ELECTRONICS relating to its products, including claims for damage to real or personal property.

/ / /

/ / /

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

16                                    2:15-cv-01389-JCM-VCF
DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY
COMPLAINT

8.      Upon information and belief, the subject washer and dryer were designed, manufactured, marketed, warranted, advertised for sale, sold and provided warnings and instructions for, and distributed, by LG ELECTRONICS.

9.      PLAINTIFF's Complaint, filed June 22, 2015, alleges causes of action against BEST BUY for breach of contract, product defect, negligent installation, negligent hiring, and other negligence based upon alleged actions surrounding the manufacture, delivery and installation of the subject washer and dryer.

10.     Upon information and belief, PLAINTIFF's claimed damages are due to the acts of Third-Party Defendants.

11.     Defendant BEST BUY is entitled to equitable, implied and/or contracted indemnity, contribution, and apportionment due to the acts and omissions of Third-Party Defendants, said acts and omissions amounting to the actual and proximate cause of any damages incurred by PLAINTIFF.

## FIRST CAUSE OF ACTION

### (Equitable and Implied Indemnity against PENN-RIDGE TRANSPORTATION, INC.)

12.     Third-Party Plaintiff hereby repeats and realleges the allegations as set forth in Paragraphs 1 through 11 above, as though fully set forth herein.

13.     Defendant/Third-Party Plaintiff did not cause or contribute to the damages alleged in PLAINTIFF's Complaint, and any damages alleged by PLAINTIFF, if any, were caused in whole or in part by the acts and omissions of PENN RIDGE.

14.     Defendant/Third-Party Plaintiff alleges that PENN RIDGE and/or its agents were negligent in the delivery and/or installation of the subject washer and dryer and that said negligence was the direct and proximate cause of any damages claimed by PLAINTIFF.

15.     Should Defendant/Third-Party Plaintiff be found liable as a result of this action for damages alleged by PLAINTIFF, if at all, Defendant/Third-Party Plaintiff is entitled to have the negligence of PENN RIDGE adjudicated and the economic value of any damages caused by PENN RIDGE should be paid by said party.

16.     Third-Party Plaintiff alleges that if it is found liable to PLAINTIFF for damages or other relief, or if payment is made to PLAINTIFF as a result of the incident or occurrences described

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY COMPLAINT

in PLAINTIFF's Complaint and any amendments thereto, then Third-Party Plaintiff's responsibility is secondary in relation to the primary acts and/or omissions of PENN RIDGE, which are the direct and proximate cause of the alleged damages and injuries asserted by PLAINTIFF herein.

17.     To the extent that any damages are awarded to PLAINTIFF against Defendant/Third-Party Plaintiff, Defendant/Third-Party Plaintiff is entitled to equitable and implied indemnity from PENN RIDGE for its acts and omissions, which caused said damages, including the amount of settlement, judgment, interest, costs and/or fees incurred in this legal action.

18.     It has been necessary for Third-Party Plaintiff to retain the services of an attorney to defend PLAINTIFF'S Complaint and to bring this action.  Accordingly, Third-Party Plaintiff is entitled to recover its reasonable attorneys' fees and court costs incurred herein.

## SECOND CAUSE OF ACTION

**(Contractual, Express Indemnity against PENN-RIDGE TRANSPORTATION, INC.)**

19.     Third-Party Plaintiff hereby repeats and realleges the allegations as set forth in Paragraphs 1 through 18 above, as though fully set forth herein.

20.     Third-Party Plaintiff alleges that Third-Party Plaintiff BEST BUY and PENN RIDGE entered into a written agreement wherein PENN RIDGE agreed to indemnify and defend BEST BUY against any claims regarding the delivery and/or installation of products.

21.     Defendant/Third-Party Plaintiff did not cause or contribute to the damages alleged in PLAINTIFF's Complaint, and any damages alleged by PLAINTIFF, if any, were caused in whole or in part by the acts and omissions of PENN-RIDGE.

22.     Defendant/Third-Party Plaintiff alleges that the subject washer and dryer were delivered and/or installed by PENN RIDGE and/or its agents.

23.     Should Defendant/Third-Party Plaintiff be found liable as a result of this action for damages alleged by PLAINTIFF, if at all, Defendant/Third-Party Plaintiff is entitled to have the liability of PENN RIDGE adjudicated and the economic value of any damages caused by PENN RIDGE should be paid by said party.

24.     Third-Party Plaintiff alleges that if it is found liable to PLAINTIFF for damages or other relief, or if payment is made to PLAINTIFF as a result of the incident or occurrences described

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

18

2:15-cv-01389-JCM-VCF

DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY COMPLAINT

in PLAINTIFF's Complaint and any amendments thereto, then Third-Party Plaintiff's responsibility is within the Indemnification provision of the Agreement and secondary in relation to the primary acts and/or omissions of PENN RIDGE, which are the direct and proximate cause of the alleged damages and injuries asserted by PLAINTIFF herein.

25.     To the extent that any damages are awarded to PLAINTIFF against Defendant/Third-Party Plaintiff, Defendant/Third-Party Plaintiff is entitled to contractual and express indemnity from PENN RIDGE for its acts and omissions, which caused said damages, including the amount of settlement, judgment, interest, costs and/or fees incurred in this legal action.

26.     It has been necessary for Third-Party Plaintiff to retain the services of an attorney to defend PLAINTIFF's  Complaint and to bring this action.  Accordingly, Third-Party Plaintiff is entitled to recover its reasonable attorneys' fees and court costs incurred herein.

## THIRD CAUSE OF ACTION

### (Contribution against PENN-RIDGE TRANSPORTATION, INC.)

27.     Third-Party Plaintiff hereby repeats and realleges the allegations as set forth in Paragraphs 1 through 26 above, as though fully set forth herein.

28.     NRS 17.225, et seq., provides for contribution among tortfeasors in favor of a tortfeasor that pays more than his or her equitable share of common liability.

29.     Third-Party Plaintiff alleges that PENN RIDGE and/or its agents were negligent in the delivery and/or installation of the subject washer and dryer and that said negligence was the direct and proximate cause of any damages claimed by PLAINTIFF.

30.     If judgment should be recovered against Defendant/Third-Party Plaintiff, or Defendant/Third-Party Plaintiff should enter into a settlement or compromise, then Third-Party Plaintiff should be entitled to judgment, and the like amount in proportion to fault, for contribution against PENN RIDGE, and, in addition, Third-Party Plaintiff should be entitled to recover from PENN RIDGE all costs, expenses, and attorneys' fees that it has incurred in the defense of the Complaint filed by PLAINTIFF, and in the preparation, presentation, and prosecution of this present Third-Party Complaint.

/ / /

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

19                                    2:15-cv-01389-JCM-VCF
DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY
COMPLAINT

31.     Third-Party Plaintiff alleges that it is entitled to contribution by PENN RIDGE for any and all liability that Third-Party Plaintiff may incur, may have paid, or may be required to pay to PLAINTIFF.

32.     It has been necessary for Third-Party Plaintiff to retain the services of an attorney to defend PLAINTIFF's Complaint and to bring this action.  Accordingly, Third-Party Plaintiff is entitled to recover its reasonable attorneys' fees and court costs incurred herein.

## FOURTH CAUSE OF ACTION

### (Apportionment against PENN-RIDGE TRANSPORTATION, INC.)

33.     Third-Party Plaintiff hereby repeats and realleges the allegations as set forth in Paragraphs 1 through 32 above, as though fully set forth herein.

34.     Third-Party Plaintiff alleges that PENN RIDGE and/or its agents were negligent in the delivery and/or installation of the subject washer and dryer and that said negligence was the direct and proximate cause of any damages claimed by PLAINTIFF.

35.     If Third-Party Plaintiff is judged liable to PLAINTIFF, PENN RIDGE should be required to pay a share of PLAINTIFF's judgment which is in proportion to the comparative negligence of PENN RIDGE in causing PLAINTIFF's damages and to reimburse Third-Party Plaintiff for any payment made by Third-Party Plaintiff in excess of Third-Party Plaintiff's proportional share of all negligence properly attributable to PENN RIDGE.

## FIFTH CAUSE OF ACTION

### (Contractual, Express Indemnity against LG ELECTRONICS USA, INC.)

36.     Third-Party Plaintiff hereby repeats and realleges the allegations as set forth in Paragraphs 1 through 35 above, as though fully set forth herein.

37.     Third-Party Plaintiff alleges that Third-Party Plaintiff BEST BUY and LG ELECTRONICS entered into a Vendor Agreement effective May 1, 2002 regarding the license to sell LG ELECTRONICS products.

38.     Third-Party Plaintiff alleges that the Vendor Agreement, Paragraph 17 provides as follows:

/ / /

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

20                    2:15-cv-01389-JCM-VCF
DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY
COMPLAINT

### 17. Indemnification

Vendor will indemnify, defend, and hold Dealers, its parent, affiliates, agents, and employees, harmless from and against any and all claims, actions, liabilities, losses, costs and expenses arising from or in connection with (a) Vendor's breach of this Agreement, including but limited to its representations and warranties; (b) acts or omissions of Vendor relating to the Products which includes, but is not limited to claims that the Products, or use thereof, caused personal injury, death, or real or personal property damage; (c) a Product recall, whether or not initiated by Vendor; (d) claims that the Products or any Vendor Content infringe, misappropriate or injury a third party's intellectual property or proprietary rights; (e) false or misleading Product specifications or other Vendor Content provided to Dealer to promote and sell the Products; and (f) Vendor's failure to promptly perform its obligations in connection with a manufacturer's rebate offer. Dealer agrees to give Vendor prompt written notice of any claims, to tender the defense to Vendor, and to grant Vendor the right to control settlement and resolution. Vendor agrees to pay all costs of liability, settlement and defense, including attorney fees and costs.

39.      Defendant/Third-Party Plaintiff did not cause or contribute to the damages alleged in PLAINTIFF's Complaint, and any damages alleged by PLAINTIFF, if any, were caused in whole or in part by the acts and omissions of LG ELECTRONICS.

40.      Defendant/Third-Party Plaintiff alleges that the subject washer and dryer were designed, manufactured, marketed, warranted, advertised for sale, sold and provided warnings and instructions for, and distributed by LG ELECTRONICS.

41.      Should Defendant/Third-Party Plaintiff be found liable as a result of this action for damages alleged by PLAINTIFF, if at all, Defendant/Third-Party Plaintiff is entitled to have the liability of LG ELECTRONICS adjudicated and the economic value of any damages caused by LG ELECTRONICS should be paid by said party.

42.      Third-Party Plaintiff alleges that if it is found liable to PLAINTIFF for damages or other relief, or if payment is made to PLAINTIFF as a result of the incident or occurrences described in PLAINTIFF's Complaint and any amendments thereto, then Third-Party Plaintiff's responsibility is within the Indemnification provision of the Vendor Agreement and secondary in relation to the primary acts and/or omissions of LG ELECTRONICS, which are the direct and proximate cause of the alleged damages and injuries asserted by PLAINTIFF herein.

///

43.     To the extent that any damages are awarded to PLAINTIFF against Defendant/Third-Party Plaintiff, Defendant/Third-Party Plaintiff is entitled to contractual and express indemnity from LG ELECTRONICS for its acts and omissions, which caused said damages, including the amount of settlement, judgment, interest, costs and/or fees incurred in this legal action.

44.     It has been necessary for Third-Party Plaintiff to retain the services of an attorney to defend PLAINTIFF'S  Complaint and to bring this action.  Accordingly, Third-Party Plaintiff is entitled to recover its reasonable attorneys' fees and court costs incurred herein.

WHEREFORE, Defendants/Third-Party Plaintiff BEST BUY STORES, L.P. prays for judgment against Third-Party Defendants PENN-RIDGE TRANSPORTATION, INC. and LG ELECTRONICS USA, INC. for damages as follows:

1.     For contribution from PENN-RIDGE TRANSPORTATION, INC.;

2.     For indemnification from PENN-RIDGE TRANSPORTATION, INC.;

3.     For apportionment from PENN-RIDGE TRANSPORTATION, INC.;

4.     For contractual, express indemnification from LG ELECTRONICS USA, INC.;

5.     For costs of suit, reasonable attorneys' fees and interest; and

6.     For such other and further relief as this Court deems just and proper.

DATED this ⅃⑥ day of June, 2016

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP


By _____
    Wade M. Hansard
    Nevada Bar No. 8104
    Michael Merritt
    Nevada Bar No. 5720
    Renee M. Maxfield
    Nevada Bar No. 12814
    8337 West Sunset Road, Suite 350
    Las Vegas, Nevada 89113
    Tel. (702) 949-1100

    Attorneys for Best Buy Stores, L.P.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
8337 W. SUNSET RD. SUITE 350
LAS VEGAS, NV 89113

3915253.1

22                                   2:15-cv-01389-JCM-VCF
DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2016, a true and correct copy of **DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY COMPLAINT** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

Aileen E. Cohen, Esq.
BAUMAN LOEWE WITT & MAXWELL
3650 North Rancho Drive, Suite 114
Las Vegas, NV 89130
*Attorneys for Plaintiff*

Bruce S. Dickinson, Esq.
Michael Hottman, Esq.
Jacquelyn M. Franco, Esq.
STEPHENSON & DICKINSON, PC
2820 West Charleston Boulevard, Suite B-19
Las Vegas, NV 89102
*Attorneys for Defendant LG Electronics USA Inc.*

By _Cheryl A Schneider_
Cheryl A. Schneider, an Employee of
MCCORMICK,   BARSTOW,   SHEPPARD,
WAYTE & CARRUTH LLP

23
2:15-cv-01389-JCM-VCF
DEFENDANT BEST BUY STORES, L.P.'S AMENDED ANSWER TO COMPLAINT AND THIRD-PARTY COMPLAINT