UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FARMERS INSURANCE EXCHANGE for Itself and as subrogee of its insured DOREEN FILOMENA,<br><br>Plaintiff(s),<br><br>v.<br><br>LG ELECTRONICS USA, INC., et al.,<br><br>Defendant(s). | Case No. 2:15-CV-1389 JCM (VCF)<br><br>ORDER |

Presently before the court is third-party defendant LG Electronics USA, Inc.'s ("LG") motion to dismiss third-party plaintiff Best Buy Stores, L.P.'s ("Best Buy") third-party complaint. (ECF No. 49). Best Buy filed a response (ECF No. 52), to which LG replied (ECF No. 65).

**I.     Facts**

The instant dispute arises from a home fire allegedly caused by a dryer manufactured by LG and sold by Best Buy. Plaintiff Farmers Insurance Exchange ("Farmers") insured the property at issue, which is owned by Doreen Filomena. (ECF No. 1-2). Farmers filed suit for itself and as subrogee of its insured, Ms. Filomena. (ECF No. 1-2).

Ms. Filomena purchased the LG dryer from Best Buy, as well as a four-year warranty for the dryer. (ECF No. 1-2). Penn-Ridge Transportation, Inc. ("Penn-Ridge"), Best Buy's subcontractor, delivered and allegedly installed the dryer. (ECF No. 1-2). Subsequently, the dryer and/or its attached power cord failed and cause a fire at the property. (ECF No. 1-2).

Ms. Filomena submitted an insurance claim to Farmers, incurring a deductible in the amount of $1,000.00, which Farmers seeks to recover on Ms. Filomena's behalf. (ECF No. 1-2). Farmers paid approximately $214,145.48 on Ms. Filomena's claim. (ECF No. 1-2).

**James C. Mahan**
**U.S. District Judge**

Farmers filed the original complaint in state court on June 22, 2015, which defendants removed on July 21, 2015. (ECF No. 1). In its complaint, Farmers alleges five causes of action: (1) breach of contract against Best Buy; (2) negligent hiring against Best Buy; (3) negligence against Best Buy; (4) strict products liability against LG; and (5) negligent products liability against LG. (ECF No. 1-2).

On April 13, 2016, the court entered an order granting LG's emergency motion for determination of good faith settlement between Farmers and LG, wherein LG agreed to pay $9,000.00 to Farmers in exchange for Farmers dismissing its claims against LG with prejudice. (ECF No. 39).

On June 16, 2016, Best Buy filed a third-party complaint alleging five causes of action: (1) equitable and implied indemnity against Penn-Ridge; (2) contractual, express indemnity against Penn-Ridge; (3) contribution against Penn-Ridge; (4) apportionment against Penn-Ridge; and (5) contractual, express indemnity against LG. (ECF No. 44).

On December 12, 2016, the court granted a stipulation of dismissal of Farmers's claims against LG with prejudice pursuant to their settlement agreement. (ECF Nos. 39, 74).

In the instant motion, LG moves to dismiss Best Buy's third-party complaint, which seeks indemnity against it, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 49).

**II.   Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

James C. Mahan
U.S. District Judge

- 2 -

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

In the third-party complaint, Best Buy asserts that it entered into a vendor agreement with LG regarding LG's products. (ECF No. 44 at 20). Paragraph 17 of the vendor agreement, entitled "Indemnification," states as follows:

> Vendor will indemnify, defend, and hold Dealers, its parent, affiliates, agents, and employees, harmless from and against any and all claims, actions, liabilities, losses, costs and expenses arising from or in connection with (a) Vendor's breach of this Agreement, including but limited to its representations and warranties; **(b) acts or omissions of Vendor relating to the Products which includes, but is not limited to claims that the Products, or use thereof, caused personal injury, death, or real or personal property damage;** (c) a Product recall, whether or not initiated by Vendor; (d) claims that the Products or any Vendor Content infringe,

>   misappropriate or injury a third party's intellectual property or proprietary rights; (e) false or misleading Product specifications or other Vendor Content provided to Dealer to promote and sell the Products; and (f) Vendor's failure to promptly perform its obligations in connection with a manufacturer's rebate offer. Dealer agrees to give Vendor prompt written notice of any claims, to tender the defense to Vendor, and to grant Vendor the right to control settlement and resolution. Vendor agrees to pay all costs of liability, settlement and defense, including attorney fees and costs.

(ECF No. 44 at 21) (emphasis added).

Best Buy alleges that LG designed, manufactured, warranted, provided warnings and instructions for, and distributed the dryer at issue. (ECF No. 44 at 21). Best Buy argues that it did not cause or contribute to the damages alleged in Farmers's complaint and that LG's acts and omissions caused the damages alleged. (ECF No. 44 at 21). Thus, as Best Buy maintains, it is entitled to contractual and express indemnity from LG for LG's acts and omissions that caused the damages alleged in Farmers's complaint pursuant to the vendor agreement. (ECF No. 44 at 22).

In the instant motion, LG contends dismissal is proper because it is not the manufacturer of the dryer, but rather the distributor, and the court found that "[i]t is undisputed that a faulty power cord or its faulty installation are responsible for the fire." (ECF No. 49 at 5 (quoting ECF No. 39 at 1)). In particular, LG asserts that LG, Inc. is the manufacturer, and it is located in Korea. (ECF No. 49 at 5).

In response, Best Buy argues that it is seeking indemnification pursuant to the vendor agreement "should any judgment be entered against Best Buy relating to the design, manufacture, distribution, monitoring, warnings, instructions, and sale of the subject LG dryer." (ECF No. 52 at 5).

However, Farmers stipulated to dismiss its claims against LG with prejudice—specifically, its claims against LG for strict products liability and negligent products liability. (ECF Nos. 72, 74). Thus, Farmers's remaining claims are solely against Best Buy for breach of contract, negligent hiring, and negligence. Accordingly, since LG's acts and/or omissions are not at issue in Farmers's remaining claims against Best Buy, the court will grant LG's motion to dismiss Best Buy's third-party complaint as it relates to LG.

. . .

. . .

James C. Mahan
U.S. District Judge

- 4 -

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that LG's motion to dismiss Best Buy's third-party complaint as it relates to LG (ECF No. 49) be, and the same hereby is, GRANTED.

DATED February 8, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**