# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

FARMERS INSURANCE EXCHANGE for itself and as subrogee of its insured DOREEN FILOMENA,

    Plaintiff,

vs.

LG Electronics USA, Inc. *et al.*,

    Defendants.

2:15-cv-01389-JCM-VCF
**REPORT AND RECOMMENDATION**

MOTION TO ENFORCE SETTLEMENT AGREEMENT (ECF NO. 104)

  Before the Court is Plaintiff Farmer Insurance Exchange's Motion to Enforce Settlement Agreement. (ECF No. 104). For the reasons discussed below, the Court recommends that the motion be granted.

  On May 31, 2017, counsel for all parties signed a Memorandum of Settlement Agreement. (ECF No. 104-1). The memorandum states that Defendants shall collectively pay Plaintiff $60,000 "in the usual and customary time frames for payment of subrogation claims among insurers" in exchange for Plaintiff dismissing the case. (*Id.* at 1). The parties agreed to mutually release each other of all claims related to the case. (*Id.* at 1-2). "Payment of the Settlement Funds is contingent upon execution of a more formal settlement agreement and related to be prepared by counsel for the parties which shall reflect the material terms of agreement." (*Id.* at 2). Counsel represented that they had "full authority to execute this Memorandum of Settlement Agreement and to bind [their] respective client to the terms hereof." (*Id.*).

  On November 6, 2017, Plaintiff filed a motion to enforce the settlement agreement. (ECF No. 104). "Plaintiff has received no settlement funds and a release has not been signed by the parties." (*Id.* at 3). Plaintiff requested "that this Court enter an Order enforcing the settlement" and "order Defendants

to execute all documents necessary to effectuate the settlement." (*Id.* at 5). Defendants did not file a response to Plaintiff's motion.

"[I]t is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (*quoting Autera v. Robinson,* 419 F.2d 1197, 1200 (D.C.Cir.1969)). "A settlement agreement is binding when the parties have a meeting of the minds as to all essential terms to resolve the case." *Peyman v. Rayan*, No. 2:09-CV-01384-KJD, 2011 WL 4527932, at *1 (D. Nev. Sept. 28, 2011) (*citing May v. Anderson,* 121 Nev. 668, 119 P.3d 1254, 1258-59 (Nev. 2005)). "Nevada law presumes that an attorney has authority to settle his client's claim." *G & G Closed Circuit Events, LLC v. Schoen*, No. 2:12-CV-1424-JCM-NJK, 2013 WL 6076198, at *3 n.1 (D. Nev. Nov. 18, 2013).

It is clear that the parties entered into a binding settlement agreement in this case. The Memorandum of Settlement Agreement contains the material terms of the agreement and counsel had authority to settle the case. In addition, under LCR 47-3, "[t]he failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion." Therefore, the Court should enter an order enforcing the settlement agreement and directing all parties to execute "a more formal settlement agreement" (ECF No. 104-1 at 2) providing for the payment of settlement funds, a mutual release of claims, and dismissal of this case.

Accordingly, and for good cause shown,

IT IS HEREBY RECOMMENDED that Famer Insurance Exchange's Motion to Enforce Settlement Agreement (ECF No. 104) be GRANTED.

///

///

IT IS FURTHER RECOMMENDED that if the District Judge adopts this Report and Recommendation, a deadline should be set for the filing of a stipulated dismissal.

DATED this 6th day of December, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE