1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

**\*\*\***

FARMERS INSURANCE EXCHANGE for
4   itself and as Subrogee of its insured DOREEN
FILOMENA,
5                                                                        2:15-cv-01389-JCM-VCF

Plaintiff,              **ORDER AND REPORT AND**
6                                                                        **RECOMMENDATION**

vs.
7
LG ELECTRONICS USA, INC., *et al.*,
8
Defendants.

9        Before the Court is the Motion to Deem Global Confidential Release and Agreement Fully

10   Executed (ECF No. 106).

11        **A. Relevant Background**

12        All parties have reached a settlement agreement to compromise all claims that the Plaintiff, *et al.*,

13   may now, or in the future have against Defendants, *et al.*, arising out of the incident which is the subject

14   of this action.  To finalize and memorialize the settlement, two documents were prepared, circulated, and

15   approved by all of the parties: (1) a Global Confidential Release and Agreement ("Release"), and (2) a

16   Stipulation and Order for Dismissal with Prejudice. All parties except Diaz have signed the Release. Best

17   Buy is informed and believes that local company Diaz Trucking, LLC is no longer

18   available to execute the Release and may no longer be in business. Prior counsel for Diaz has already

19   signed the Stipulation and Order for Dismissal with Prejudice. Diaz has not signed the Release of All

20   Claims. *Id.*

21        **B. Relevant Law/Discussion**

22        Pursuant to Nevada law and the general principles of contract law, a settlement contract is formed

23   when the parties have agreed to its material terms, and not when a document is finalized by signatures.

24   *May v. Anderson*, 121 Nev. 668, 670, 119 P.3d 1254, 1256 (2000). In December 2017, the undersigned

25   determined that a settlement agreement between the parties, which includes all the material terms, but is

1    later unsigned is still a valid settlement agreement. The Report and Recommendation on this matter was

2    entered on December 6, 2017.  (ECF No. 105).

3        The entire thrust of federal practice and procedure is predicated on three core concepts: justice,

4    speed and the inexpensive determination of every action. *See* FED. R. CIV. P. 1 (stating that the rules

5    "should be construed and administered to secure the just, speedy, and inexpensive determination of every

6    action and proceeding"). Under Local Rule IA 11-6(a), an attorney who has appeared for a party must be

7    recognized by the court and all the parties as having control of the client's case.

8        Best Buy is informed and believes that local company Diaz Trucking, LLC is no longer available

9    to execute the Release and may no longer be in business.  (ECF No. 106).  Best Buy states that prior

10   counsel for Diaz has already signed the Stipulation and Order for Dismissal with Prejudice.  *Id.* Given that

11   Diaz Trucking, LLC does not have a signatory to execute the Settlement Agreement and Release, the court

12   deems that the Settlement Agreement and Release of Claims between all parties, fully executed, and

13   enforceable.

14       Under LR 7-2(d), the failure of an opposing party to file points and authorities in response to any

15   motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to

16   the granting of the motion. To date, no opposition has been filed.

17       Accordingly, and for good cause shown,

18       IT IS HEREBY ORDERED that Best Buy Stores, L.P.'s Motion to Deem Global Confidential

19   Release and Agreement Fully Executed (ECF No. 106) is GRANTED.

20       IT IS RECOMMENDED that all claims against all parties be dismissed with prejudice, each side

21   bearing its costs and attorney fees.

22       DATED this 26th day of January, 2018.

23   _____
     CAM FERENBACH
     UNITED STATES MAGISTRATE JUDGE

24

25